# In the United States District Court

## of the State of Delaware ....

William Gregory  Summers

**Movant...Below**

v

Delaware  Correctional Center

Defendant....Below

0 7 -   2 1 7



---

Memorandum of Law in support of Motion for 2254

For a writ of Habeas Corpus

---

**William Gregory Summers**

**Delaware Correctional Center**

**1181 Paddock Rd**

**Smyrna, De 19977**

## A...)    Jurisdictional Review....

In order to demonstrate cause for a jurisdictional review, the movant notably raises that a jurisdictional defect cannot be procedurally defaulted, whereas this court with competent jurisdiction that deriv3d its power solely from the legislative acts of congress. (see Insurance Corp of Ir. Ltd v Compacinie des Bauxites de Guinee... 456 U.S. 694..701_ 1102 S.C.T... 2099 ...72  L.Ed 2d...492 (1982)*. It is a well know fact that parties cannot confer jurisdiction upon the federal court... (See Love v Turlington... 733 F.2d 1562 1564 (11th cir 1984). It is an established principle of law that subject matter jurisdiction cannot be created or waived by any agreement. This honorable court not only have the power by also has the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist. (Philbrook v Glodgett...421 U.S. 707...95 S.CT...1893  ...44 L.Ed 525... (1975)...Citing (city of Kenosha v. Bruno 412 U.S 507... 93.S.ct... 2222...37 L.Ed 2d...109... (1973).

In short the movant raises that because of the jurisdictional claim may not be defaulted and the movant need not show cause to proceed before this honorable court. (See Kelly v United States...29... F.3d 1107... (7th cir 1994) also United States v Broodwell...959...F.2d 242.)

## B...)    <u>A E D P A  GENERALLY</u>

THE  Antiterrorism and Effective Death Penalty Act (AEDPA).  This amended 28...U.S.C. 2254... WAS signed into law on April 24, 1996.... Pub. 1. No 104-132 Stat. 1214 (1996)...  Because the petitioner filed his petition for federal habeas relief, subsequent to the effective date of the Act...  The (AEDPA) is the  applicable to the petition...(see) Lindh  v Murphy. 521 U.S....320...336 (1997).

4) Allegation of a pattern of facts that is well within the mainstream of the constitutional litigation.

The second circuit made clear that these criteria are not a test per se but rather serve as indicators that the nature or presentation of the claim must have been on a federal nature... Daye ....696 F.2d at 192.

The movant raises this honorable court must use the Daye factor as a guideline to compare the claim of the petition with the issues addressed by the Delaware Supreme in it January 29, 2007, and February 15, 2007 order. The Delaware Supreme Court demonstrated that id was aware that movant appeal involved federal constitutional issues.

## Argument

The claim raised in the movant successive Writ of Habeas Corpus is a jurisdictional issue regarding whether or not the sentencing court had proper legal authority to depart from the sentencing guideline to impose an enhanced sentence of life imprisonment pursuant to the Habitual offender Statute ....Title... ll..Del...c...4214(b).  For the conviction of first degree robbery.

1. Whereas according to the Habitual offender Statue the state must demonstrate that a defendant has "Three (3) valid" felony conviction in the Superior Court of Delaware ...*(see... Buckingham v State ....482. A.2d...327...(Del.. Supr..1984).

2. In this case the state failed to establish the Accuracy of one of the movant's prior conviction for delivery of cocaine in violation of Title....16.Del.C. 4751...(see... transcripts of sentencing on October 29, 1999... Appendix page 3 line 18-23).

Whereas the state misrepresented the date of the prior delivery conviction as December 3, 1999 and erroneously stated that the movant was 18 years old at the time of the sentencing on his prior conviction and that the actual crime happened when he was 17 years old. That state clearly admitted that the court thought the movant was an adult...(see ... transcript of sentencing hearing.... Page 3 line 18-23).

3. The movant shows that his date of birth is July 25, 1976. Which means that on December 3, 1999 he was 22 years old not 18. As the state sentencing judge wrongfully concluded.

4. Unmistakingly the correct date of the movant's prior delivery conviction is December 3, 1993. The initial crime was committed early part of 1993. Prior to the movant's 16th birthday ….(see… Family Court case no JK89-0010… Regarding this case).

5. The movant's prior narcotic conviction was committed in 1993 not 1999. At which time he was 16 years old clearly under the jurisdiction of the Family court in the state of Delaware .

6. The movant request that this honorable court take a judicial notice that there is no record of proof (other then the state's mistaking belief of the court. As noted in Par 4 above) to indicate that the family court relinquished jurisdiction of movant's delivery charge in (case No# JK-9-0010) to the Superior court in (* case no# 93k04951DI) (Crim..Action… No# PK9309214).

7. The movant raises the facts that before the family court can relinquished jurisdiction they were required to hold an Amenability Hearing pursuant to 10-Del-c-1010 as dictated by Hughes v State 653 A.2d 241 (Del ---Supr—1994 ) . To determine whether or not it is proper to treat movant as an adult offender and thereafter relinquish jurisdiction over to the Superior court (see State v Mayhill …659. A2d 790 citing Marine v State … 607 A.2d 1185… see also … Holder v State … 692 A.2d 882 (Del Sup 1997). Whereas before the court can relinquish this jurisdiction it must consider and make a record of the finding as to the following factor

A. The age and social back ground of the juvenile.

B. The nature of the alleged offense.

C. The extent and nature of the juvenile's prior delinquency record.

D. The juvenile present intellectual development and psychological maturity.

E. The nature of past treatment efforts .

F. The availability of programs designed to treat the juvenile's behavioral problems.

See United State v One Juvenile Male …. 40 F3d 841…(1994)…Citing… United State v Brian…N…900 F.2d 218…220 (10th cir 1990)( citing …U.S.C. 18… 5032…) See also…. "Bilbo 19 F.3d at 915" (quoting United State v Doe 871 F.2d 1248…1255… 5th cir).

8. Furthermore the movant's narcotic convictions are not listed among the enumerated serious felony crimes under Title 10 Del C 1010 (A) …(1)..and (3). That would invoke the Family court's - desire to declare the movant non-Amendable to the rehabilitative process available to the youth delinquency offenders…(see … J.K. v State …. Del. Supr…383 A.2d..283).

9. The state reliance on this improper juvenile delinquency matter to seek on enhanced sentence under …Del.C. 4214(B). Habitual offender statue which was used as a doargaining device in negotiation prior to trial. But movant rejected the state's unreasonable offer. Thus the prosecution and trial court use of movant's improper juvenile delinquent narcotic offense at the subsequent sentencing for imposition of an enhanced penalty as a habitual offender for robbery first degree, which undermined the 8th amendment "reliability." In the punishment phase *(see… Mayes v State …. 64 A.2d 839… also U.S v Mannino…212 F3d…835.846-847…(3d. cir …2000)*.    (Held that due process requires that information used for sentencing be true and reliable).*

Whereas the "Mayes", court use the  same standards in which a sentencing court can not rely on information that is demonstrably "False  or Lack ." A minimal indecorum  of reliability ….(see… Mayes v State… 64 A.2d 839).

Whereas the special aggravating factor in this case , the prior juvenile delinquent narcotic offense was to be subjected to the Mandatory Jurisdictional Amenability process of title 10…Del.c.1010. The juvenile 6th and 14th amendment. Amend ability  proceedings due process  rights to rebut the need to have treatment as an adult at the subsequent reverse amenability proceeding pursuant to title…10…Del…c..1011…*(see State v Hughes Del. Supr…653 A.2d 241..

According to Del ..c…1010 (b)…(2)thru(3). There "must"  be an application for transfer of the jurisdiction filed by either the family court or the attorney general office …(see … Marine v State 624 A.2d …1181… Del Supr..1993).

There is no documented proof in the record that any of these jurisdictional proceedings were held  by either. The Family Court or  the Superior Court. Thus the superior court cannot arbitrally assume jurisdiction over this delinquency offense and then rely on it as an  adult adjudication special aggravating factor to sentence to life imprisonment as a habitual offender. The amenability process was established to provide a minimum protection to a juvenile movant  due process rights. The amenability  process also eliminates the potential for such arbitrary or capricious charges as the  decision  here that resulted in unequal treatment ….(see …Hughes  v State  Superior )*. Such a judicial check on the charging authority is mandatory. Thus this merit proof that the superior court's jurisdiction and authority to convict and sentence movant as a habitual offender on  the robbery conviction based upon this prior juvenile offense was impermissible because the lower court lacked jurisdiction.

As a matter of law the movant is entitled to the rule of  Marine v State…607 A.2d 1185….505 U.S.  1247 113 S.CT 28… 120.L.Ed 2d 952…(1992).

This court must examine the entire records of both the family court. (File JK8-OO10) and the superior court (case #93k0495 D I). Relating  to movant's "1993" juvenile narcotic offense. In order to determine whether  or not the superior court retained proper subject matter.

Jurisdiction over  the movant according to applicable governing Delaware law. Where governing  Delaware law require the state to prove that the juvenile was found non-amenable to the process of the family court's jurisdiction before such prior crime can be used as a predicted requisites felony under 4214 (B) to sentence the movant as a habitual offender (see… Flether v State….Del  Supr … 409 A.2d 1254..)

Whereas the lower court lacked jurisdiction to impose a life sentence pursuant to title ll..Del..c..4214..B . The petitioner submit that his sentence should be vacated by this court and  be remanded back for resentencing .

# Standard of Review

Petitioner agrees that respondent's "Standard of Review" contains an accurate summary of the governing law regarding the deference due under the AEDPA to state court adjudications on the merits . On the hand respondent omits entirely from the discussion what maybe the most important standard of review to be considered at this juncture in the litigation the standard this court must apply in deciding whether or not the grant petitioner an evidentiary hearing on one or more of the habeas corpus claims.

A petitioner on federal habeas corpus is entitled to an evidentiary hearing where the petitioner established a "colorable" claim for relief and where the petitioner has never been afforded a state or federal hearing on his claim... Earp v Oronski ... 431 F.3d 1158-1167 (9th cir 2005)citing... Townsend v Sain..372 U.S. 293...(1963)... and Keeney v Tamaya –Reyes ...504 U.S. 1-5(1992). In stating a "colorable" claim, a petitioner is merely required to allege specific facts which if true, would entitled him to relief. I bid, granted under the AEDPA a federal court is not required to order a hearing where the petitioner failed to develop the facts in state courts. In such cases, the federal court accord a presumption of correctness to the facts found by the state court, and need not hold any evidentiary hearing. Unless those facts are rebutted by clear and convincing evidence. On the other hand no AEDPA deference is due where the state made an "unreasonable " determination of the facts and where a state court makes the evidentiary findings without holding a hearing and giving such finding clearly resulted in an "unreasonably determination" of the facts..." Taylor v Maddox ....366 F.3d...992..1001..(9th cir 2004).

In summary an evidentiary hearing is required under the AEDPA" and an appellate will remand for a hearing if the district court rules without granting one "Where the petitioner establishes a colorable claim and has never been accorded a state or federal hearing on his claim" (Earp, supra...at 1167).

Here petitioner requested an evidentiary hearing at every level of the state post conviction, and appealed. E ach of the court to which applied, ruled without granting him an evidentiary hearing. As a result,(1) petitioner is entitled to an evidentiary hearing in this court before the court can make any credible determinations on the facts alleged in the petitions and supporting exhibits.

Any controverter "facts" found by the state court. While denying a request for an evidentiary hearing necessarily results from an "unreasonable determination" of the facts and hence is not entitled to any presumption of correctness... (see Earp. Supra.... at 1167 ....also Taylor....Supra 1101)

(Where the state courts' legal error infects the fact finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it.)

As the petitioner has set forth both sufficient legal claims. Namely the violation of the constitutional right in conjunction with the necessary factual support. The petitioner submits that he is entitled to an evidentiary hearing in this matter, in order that the record be more fully developed and to allow for the petitioner substantial justice.



William Gregory Summers
c/o Delaware Correctional Center
1181 Paddock Rd.
Smyrna, De 19977

U.S. District Court
of State of Dela.
500 North King Street
Wilmington, De. 19801

844 King St.

U.S. POSTAGE PAID
AMOUNT
$1.35

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE                    )   I.D. NO.  9704012286

    vs.                              )

WILLIAM G. SUMMERS                   )   Sentencing

BEFORE:   HONORABLE HENRY duPONT RIDGELY, PRESIDENT JUDGE

\* \* \* \* \*

0 7 - 2 1 7

APPEARANCES:

FILED

APR 2 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

    JOHN R. GAREY, ESQUIRE
    Deputy Attorney General
    on behalf of the State of Delaware

    RICHARD M. BAUMEISTER, ESQUIRE
    Attorney for Defendant

\* \* \* \* \*

TRANSCRIPT OF SENTENCING
October 29, 1999
\* \* \* \* \*

DEBBIE WALKER BURRELL
Official Court Reporter

**ORIGINAL**

48

### INDEX TO TESTIMONY

**DISCUSSION AMONG THE PARTIES**                    3-8

P R O C E E D I N G S
— — — — — — — — — —

MR. GAREY: At this time the State moves the sentencing of Gregory Summers.

THE COURT: Mr. Baumeister?

MR. BAUMEISTER: The State has filed a motion to have Mr. Summers declared an habitual offender, or under 4214(b) Title 11, and it is the opinion of the defense that he is not eligible for that treatment because one of the prior convictions which he was convicted, he has two prior convictions, one for a delivery where he was treated as an adult but he was a juvenile, 16 at the time of the offense. And the other charge is an attempt to traffic.

It is not a trafficking charge, so it is the defense's position that he is not eligible.

THE COURT: Mr. Bailiff, come to side bar.

(Whereupon, an off record discussion was held.)

THE COURT: What is the State's position on that? Hand me the file, please.

MR. GAREY: Your Honor, the State's position is that the defendant was sentenced in this Court in December the 3, 1999 by Your Honor for delivery of cocaine. At that time he was 18, even though the offense was committed when he was 17. In any event, he was thought as an adult by the Court and it's our position as well as based upon the prior cases that a conviction in this Court

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR _____Kent_____ COUNTY

STATE OF DELAWARE )
V. )  CR. A. NO. _____
_Gregory Summers_ , )
)

The defendant must answer the following questions in his or her own handwriting.

Date of Birth _____7-25-76_____  Last grade in school completed ___10___

Have you ever been a patient in a mental hospital? _____no_____

Are you under the influence of alcohol or drugs at this time? _____no_____

Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement? _yes_

Have you been promised anything that is not stated in your written plea agreement? _____no_____

Has your attorney, the State or anyone threatened or forced you to enter this plea? _____no_____

Do you understand that because you are pleading guilty you will not have a trial and you therefore waive (give up) yo constitutional right:

    (1)  to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond reasonable doubt;

    (2)  to a speedy and public trial;

    (3)  to trial by jury;

    (4)  to hear and question the witnesses against you;

    (5)  to present evidence in your defense;

    (6)  to testify or not testify yourself; and,

    (7)  to appeal to a higher court?  _yes_
(Yes or N

| | OFFENSE | STATUTORY PENALTY | TIS GUIDELINE |
|---|---|---|---|
| 1. | Del / Coc. | 0 - 10 years | 0 - 30 mos. |
| 2. | | 2.5 | 2.5 |
| 3. | | | |

TOTAL CONSECUTIVE MAXIMUM PENALTY: _____10 years_____

Do you understand that, if incarcerated, you will not be eligible for parole and the amount of early release credits which y may earn will be limited to a maximum of ninety (90) days per year? _____N/A_____

Is there a mandatory minimum penalty? ___no___  If so, what is it? _____

Has anyone promised you what your sentence will be? _____no_____

Are you on probation or parole? _____no_____  (A guilty plea may constitute a violation.)

Do you understand that a guilty plea to a felony will cause you to lose your right to vote, to be a juror, to hold public offi to own or possess a deadly weapon and other civil rights? _____yes_____

Are you satisfied with your lawyer's representation of you and that your lawyer has fully advised you of your rights and the result of your guilty plea? _____yes_____

_Sandra Dean_ _____  _10-7-93_  _____
Defense Counsel           Date                Defendant

xc:  Superior Court, Attorney General, Attorney for Defendant, Defendant      Revised March, 1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE,                          )

    v.                                      )

_Gregory Summers_,                          )  CrA No.  _Jk 93-09-0214_
         Defendant.                        )  _Through  0217_

### PLEA AGREEMENT

Defendant will plead guilty to:

_Delivery of Cocaine  (0214)_

State will enter a Nolle Prosequi on:

_Rem Cts._

State will recommend:

_45 days L-5  4204k_
_followed by probation_
_Subst. abuse evaluation._
_Pursuant to Rule 11_

Other agreement:

_$20 restitution to Dover Police Dept_
_Drug unit._

_Sandra Dean_ _____
ATTORNEY FOR DEFENDANT          Deputy Attorney General

DATE:  _10/7/93_

cc:  Superior Court                          _____
     Attorney General                        Defendant
     Attorney for Defendant
     Defendant

03/30/1994
  CAPIAS WITHDRAWN
  VOP HRG HELD. FOUND IN VOP AND
  SENTENCED.  (033094) TBH
04/04/1994
  VOP ENTERED FROM SENTENCE CALENDAR
  THIS 30TH DAY OF MARCH, 1994, IT
  IS THE ORDER OF THE COURT:
  1. THE DEF IS ADJUDGED GUILTY OF
  VOP SENT ORDERED IN THE ABOVE
  STATED ACTION.  PROBATION IS REV
  AND SENT REIMPOSED AS FOLLOWS.
  2. THE DEF SHALL PAY COSTS, FINE,
  SURCHARGE AND RESTITUTION AS
  PREVIOUSLY ORDERED.
  3. EFF MARCH 30, 1994, THE DEF IS
  PLACED IN THE CUSTODY OF THE DOC
  AT L5 FOR A PERIOD OF 3 YRS. THE
  DEF SHALL RECEIVE CREDIT FOR ANY
  TIME PREVIOUSLY SERVED ON THIS
  CHARGE.  THE DEF SHALL REMAIN IN
  A JUVENILE DETENTION FACILITY
  UNTIL HIS 18TH BIRTHDAY (7/25/94)
  AS OF 7/25/94 THE DEF SHALL BE
  TRANSFERRED TO THE DELAWARE
  CORRECTIONAL CENTER FOR A PERIOD
  OF 6 MONTHS FOLLOWED BY 18 MONTHS
  AT L3.
  THE FOLLOWING SPECIAL CONDITIONS
  OF SUPERVISION SHALL APPLY TO ALL
  TERMS OF PROBATION ORDERED:
  1. ALL TERMS AND CONDITIONS OF
  THE 12/3/93 SENTENCE ARE
  REMIPOSED.
  (040794) TBH
05/05/1995
  PROGRESS REPORT
  DISCHARGE: UNIMPROVED DUE TO
  INCARCERATION AND NEW CONVICTION.
  OTHER: MONIES OWED ARE TRANSFERED
  TO AND COLLECTABLE UNDER
  K94040415.
  APPROVED.              6/1/95   TBH

EFFECTIVE JULY 11, 1993 THE
DEFENDANT IS PLACED IN THE
CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5
FOR A PERIOD OF 3 YEARS .
THIS SENTENCE IS SUSPENDED FOR
TIME SERVED TO BE FOLLOWED BY
SUPERVISION LEVEL IV (HOME
CONFINEMENT) UNTIL THE DEFENDANTS
18TH BIRTHDAY FOLLOWED BY 2 YEARS
AT SUPERVISION LEVEL III. THE
PERIOD OF PROBATION SHALL BE
SUPERVISED BY THE ADULT DIVISION
OF COMMUNITY SERVICES PURSUANT
TO RULE 11 PLEA AGREEMENT
RESTITUTION IS ORDERED AS FOLLOWS
$       0.00 DOVER POLICE DEPARTM
$       0.00 400 S.QUEEN STREET
$      20.00 DOVER DE 19901
AS TO ALL CHARGES THE FOLLOWING
SPECIAL CONDITIONS OF SUPERVISION
SHALL APPLY: THE DEFENDANT SHALL:
PAY THE RESTITUTION, FINES,
SURCHARGES AND COSTS ORDERED
DURING THE PROBATIONARY PERIOD.
SHOULD THE DEFENDANT BE UNABLE TO
COMPLETE HIS FINANCIAL
OBLIGATIONS DURING THE PERIOD OF
PROBATION ORDERED, HE MAY ENTER
THE WORK REFERRAL PROGRAM TO
SATISFY SAID OBLIGATIONS UPON
DETERMINATION BY THE PROBATION
OFFICER.
SHALL PERFORM 0-35 HOURS OF
COMMUNITY SERVICE THE EXACT HOURS
EACH WEEK SHALL BE AT THE
DISCRETION OF THE P.O.
THE DEFENDANT SAHLL BE EVALUATED
FOR SUBSTANCE ABUSE AND FOLLOW
ANY DIRECTIONS FOR COUNSELING,
TESTING OR TREATMENT MADE BY
THE P.O.
LML   1-10-94
D/DEAN SANDRA W
S/APOSTOLICO JAMES V
CR/
CC/
12/08/1993                                    RIDGELY HENRY DUPONT
  ORDER OF JUDGMENT
12/13/1993
  NOLLE PROSEQUI
  IK93090216 IK93090217 IK93090215
  K93090218,K93090219,IK93100012
                              LML
02/25/1994                                    RIDGELY HENRY DUPONT
  CAPIAS ISSUED FOR VIOLATION OF PROBATION
  FORTHWITH    2/25/94         CAB

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page     1
                       ( as of  04/13/1999 )
```

:e of Delaware v.  GREGORY W SUMMERS                         DOB 07/25/1976
:e's Atty: JAMES V APOSTOLICO , Esq.      AKA: GREG SUMMERS
:NSE ATTY: SANDRA W DEAN , Esq.                GREG SUMMERS


igned Judge:

:rges:

| :t | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|----|------|--------------|-------------|--------|-------------|
| 1 | 93K04951DI | PK93090214 | DEL N SCH I/II | PG | 10/07/1993 |
| 2 | 93K04951DI | IK93090215 | CONSP 2ND | NOLP | 10/07/1993 |
| 3 | 93K04951DI | IK93090216 | DEL N SCH I/II | NOLP | 10/07/1993 |
| 4 | 93K04951DI | IK93090217 | DEL N SCH I/II | NOLP | 10/07/1993 |
| 5 | 93K04951DI | K93090218 | CRIM IMPERSON | NOLP | 10/07/1993 |
| 6 | 93K04951DI | K93090219 | DISORD CONDUCT | NOLP | 10/07/1993 |
| 7 | 93K04951DI | IK93100012 | DEL N SCH I/II | NOLP | 10/07/1993 |

```
  Event
  Date            Event                            Judge
  09/15/1993                               WALLS WILLIAM J., JR.
    BAIL BOND AND COMMITMENT
       16000.00 100 SECURED BOND TOT.
  10/04/1993
    TRUE BILL
  10/07/1993                               STEELE MYRON T.
    BAIL BOND AND COMMITMENT
    78 01000.00 100 SEC BOND TOT
  10/07/1993
    ARRAIGNMENT - ENTERED GUILTY PLEA
    TO 0214, DEL OF COCAINE AND PSI
    ORDERED. REMAINING COUNTS TO BE
    NOL PRO AT SENTENCING. _____TBH
  10/07/1993                               STEELE MYRON T.
    ARRAIGNMT.WAIVED READING,TBJ PLEA N GLTY
    BOND SET ON 0214._____TBH
  12/03/1993                               RIDGELY HENRY DUPONT
    SENTENCING CALENDAR
    SENTENCED AND COMMITTED      TBH
  12/03/1993                               RIDGELY HENRY DUPONT
    SENTENCE
    AS TO IP93090214 , THE DEFENDANT
    IS ADJUDGED GUILTY OF THE OFFENSE
    CHARGED.
    THE DEFENDANT IS TO PAY COSTS OF
    PROSECUTION.
    THE DEFENDANT IS TO PAY A FINE IN
    THE AMOUNT OF $   5000.00 PLUS
    AN 18% SURCHARGE FOR THE 'VICTIM
    COMPENSATION FUND' AND A 15%
    SURCHARGE FOR THE DRUG
    REHABILITATION, TREATMENT, AND
    EDUCATION FUND . $   4500.00 OF
    THE FINE IS SUSPENDED.
```

CERTIFIED
AS A TRUE COPY 4-13-99
ATTEST: JOE A. KLENOSKI, PROTHONOTARY
BY: _Rebecca Jackson_, Clerk

## CERTIFICATE OF REPORTER

I, Debbie Walker Burrell, CSR, RPR, and Official Court Reporter of the Superior Court, State of Delaware, do hereby certify that the foregoing is an accurate transcript of the testimony adduced and proceedings had, as reported by me, in the Superior Court of the State of Delaware, in and for Kent County, in the case therein stated, as the same remains of record in the Office of the Prothonotary of Kent County, at Dover, Delaware.

WITNESS my hand this ____4th____ day of January_____, A.D. 2000.

*Debbie Walker Burrell*
_____

Debbie Walker Burrell
Official Court Reporter

1    THE COURT:  Just a moment, Mr. Summers.

2  Mr. Baumeister, do you have any further comment?

3    MR. BAUMEISTER:  No, Your Honor.

4    THE COURT:  Does the State have any further

5  comment?

6    MR. GAREY:  No, Your Honor.

7    THE COURT:  Again, as previously stated, the

8  Court has no discretion but to impose a life sentence on

9  the K-97-10-0448.  That sentence is imposed with credit

   for time previously served.

10    As to K-97-10-0451, the defendant is adjudicated

11  guilty of the offense charged.  He shall pay the costs of

12  prosecution.  They are suspended.  He is placed in the

13  custody of the Department of Corrections at supervision of

14  level 5 for 1 year and that is suspended.  As to

15  K-97-10-045 4, the defendant is adjudicated guilty of the

   offense charged.  He shall pay the costs of prosecution.

16  That is suspended.  He is placed in the custody of the

17  Department of Corrections, supervision of level 5 for

18  1 year.  That is suspended for probation consecutive to

19  0448.  Each one year peroid of probation to be at level 3.

20    Mr. Summers, you have the right of appeal and

21  the Supreme Court will review your claims.

22    THE DEFENDANT:  So at this time, this present

23  time I got life plus nothing.

    (Whereupon, the proceedings adjourned.)

24
                    *    *    *    *
25

and acknowledging, and hearing the acknowledgement of defendant's prior record, that the defendant is declared to be an habitual criminal under the laws of the State of Delaware and it is ordered consistent with 11 Delaware Code, Section 4214(b), that William J. Summers, also known as Gregory W. Summers, shall be imprisoned for a life sentence.

I have signed the order to that effect, having no discretion to do otherwise. That is all. You are committed to the custody of the Department of Corrections.

THE DEFENDANT: I can't speak to my own defense, Your Honor?

THE COURT: All right. Bring him back. Mr. Summers, anything you would like to say?

THE DEFENDANT: A lot. I have a lot to say, Your Honor. I am saying first, I'd like to say that I respect what you said, what you just done. You know what I'm saying. That's your job, but I feel that at the time of this whole situation was going on I haven't been represented fairly. I really do feel that because for one, you as a judge I took and put my faith in you to judge and adjudicate my trial. You allowed burglar's testimony to convict me, testimony by my attorney to go on by. Ain't much more I can say.

I have been violated speedy trial rights. All of my rights have been violated. Ain't no more I can say.

convictions acknowledged?  I understand the legal argument.

MR. BAUMEISTER:  Yes, Your Honor, for appeal purposes or for the record for paper purposes, but as far as I know the convictions are there and the defense is challenging the convictions for the statutory obligations.

THE COURT:  I have considered carefully the arguments which have been presented and the State's motion for the defendant to be declared an habitual criminal.

Under the provisions of 11 Delaware Code, Section 4214(b), it is not disputed -- well, Mr. Garey has disputed that he was 16 at the time of the offense.

MR. GAREY:  No, Your Honor.  That's not disputed.

THE COURT:  The age of the defendant at the times of his conviction are not disputed here, one of them being at the age of 16, nor is it disputed that the defendant was prosecuted and convicted in the Superior Court as an adult, that conviction being a Felony I within Section 4214(b).

A clear reading of the statute requires that upon prior conviction of certain felonies, the Court has no discretion but to impose a mandatory life sentence.  The defendant has, in fact, been convicted as the prerequisite provided in that statute, and therefore the Court, again, has no discretion.

It is therefore, after taking judicial notice

person who has been two times convicted of a felony of an attempt to commit a felony, hereunder specifically named under the laws of this state and/or any state in the United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony herein specifically named or an attempt to commit such felony is declared to be an habitual criminal. And the Court in which such third or subsequent conviction is that is imposing sentence shall impose a life sentence upon the person convicted, unless the subsequent conviction requires or allows and results in the imposition of capital punishment."

Are the convictions themselves acknowledged by your client?

THE DEFENDANT:  I acknowledge them but I wasn't at the age of 18 when that, when I delivered the cocaine at one time.  I was 16 at the time and I was a juvenile.  I was not 18, so at that time when I was 16, I did not have knowledge of the court situation that I was dealing with and I was ignorant to the law at that time.

THE COURT:  Are certified copies of the convictions of record?

MR. GAREY:  I think they are filed in the Court, Your Honor.

THE COURT:  All right.  Mr. Baumeister, are the

counts as an adult conviction and does apply to 4214.

The most recent case I can think of is Larrice Asberry, wherein Your Honor declared the defendant an habitual offender, under 4214(a) pursuant to the State's motion, I think the motion speaks for itself. The requisite offenses have been delineated for the Court and they comply with the case of Gray vs. State which says that they have to be conviction, sentencing, conviction, sentencing which Your Honor can see clearly the delivery of cocaine sentencing was on December 3, 1999, attempted trafficking in March 17, 1995 by Judge Terry, and then this sentencing today for robbery in the first degree.

THE COURT: All right. And your position as to the argument that the trafficking, attempted trafficking in cocaine does not qualify because it was an attempt?

MR. GAREY: I think it's specified in the statute that in a conviction or an attempt, a conviction for the crime or an attempted conviction for the crime qualifies.

THE COURT: Mr. Baumeister?

MR. BAUMEISTER: Your Honor, I don't have the statute in front of me on that point. I'm not sure what the statute says on the word attempt, but the crimes that trigger the habitual offender statute are very clearly delineated. It does say trafficking is one of the problems.

THE COURT: 4214(b) reads as follows: Any

U.S. POSTAGE
MAILED FROM
00 11.49 02 17 7
09 08 081 -05
(9661)

AMOUNT
$1.35

0000
UNITED STATES

William Gregory Summers
c/o Delaware Crictional Center
1181 Paddock Rd
Smyrna De 19977

U.S. District Court
of State of Dele.
844 King St.
500 North King Street
Wilmington, De. 19801