IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM GREGORY SUMMERS,       :
                               :
        Petitioner,            :
                               :
v.                             :   Civil Action No. 07-217-JJF
                               :
THOMAS CARROLL,                :
Warden, and ATTORNEY           :
GENERAL OF THE STATE           :
OF DELAWARE,                   :
                               :
        Respondents.           :

**O R D E R**

At Wilmington this 19 day of July, 2007;

IT IS HEREBY ORDERED that:

1. Petitioner William Gregroy Summers' Application For A Writ Of Habeas Corpus Filed Pursuant To 28 U.S.C. § 2254 is **DISMISSED** and the writ is **DENIED** as second or successive.[1] (D.I. 1.) The instant Application is Petitioner's second habeas challenge to his 1999 conviction and life sentence as an habitual offender for first degree robbery and third degree assault. The Honorable Kent A. Jordan denied Petitioner's first habeas application on the merits.[2] See Summers v. Carroll, Civ. A. No.

---

[1] This matter was originally assigned to the Vacant Judgeship, but was re-assigned to the undersigned on July 18, 2007.

[2] Five claims were denied as procedurally barred, and one claim was denied for failing to satisfy the requirements of § 2254(d)(1).

04-132-KAJ, Mem. Op. (D. Del. May 16, 2004). The record reveals that Petitioner filed the instant Application without first obtaining permission from the Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(b)(1). Therefore, the Court does not have the authority to review the Application. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

    2.  Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

    3.  Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the Clerk shall forthwith serve a copy of the Application and this Order upon: (1) the above-named Warden of the facility in which Petitioner is housed; and (2) the Attorney General for the State of Delaware.

    4.  The Clerk shall also send a copy of this Order to

the Petitioner at his address on record.

*[signature: Joseph J. Farnan]*
United States District Court